## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ICM, Inc. | ) | Case No. 12-18097 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on Wednesday, October 15, 2014, at 10:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle in courtroom 742 at 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the attached **FINAL FEE APPLICATION OF JENNER & BLOCK LLP, AS COUNSEL FOR THE TRUSTEE, FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM AUGUST 8, 2012 THROUGH JULY 15, 2014**, at which time and place you may appear if you so desire.

CATHERINE STEEGE, not individually but as
Chapter 7 Trustee for the bankruptcy estate of
ICM, Inc.


BY:  _____*/s/ Catherine Steege*_____
One of Her Attorneys


Catherine Steege (06183529)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois  60654-3456
PH:     312/923-2952
FAX:   312/840-7352

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ICM, Inc., | ) | Case No. 12-18097 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**FINAL FEE APPLICATION OF**
**JENNER & BLOCK LLP, AS COUNSEL FOR THE TRUSTEE,**
**FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED**
**AND FOR REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD FROM AUGUST 8, 2012, THROUGH JULY 15, 2014**

Catherine Steege, not individually but as trustee (the "Trustee") for the estate of ICM,

Inc. (the "Debtor"), hereby submits, pursuant to 11 U.S.C. § 330 and the Order granting the

Trustee's Motion to Retain Counsel (the "Jenner Retention Order"), Jenner & Block LLP's first

and final fee application (the "Application") for (a) final approval and allowance of

compensation in the amount of $95,469.00 for the reasonable and necessary legal services

rendered to the Trustee for the period from August 8, 2012 through July 15, 2014 (the

"Compensation Period"), and (b) final approval and allowance of actual, reasonable and

necessary expenses in the amount of $5,324.74 incurred during the Compensation Period.  In

further support of this Application, the Trustee respectfully states as follows:

**INTRODUCTION**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein is 11 U.S.C. § 330 as

supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules.

## BACKGROUND

3.      On May 2, 2012, the Debtor commenced the above-captioned voluntary chapter 7 case. Catherine Steege was subsequently appointed chapter 7 case Trustee of the Debtor's estate and, thereafter, became permanent trustee.

4.      On August 8, 2012, the Trustee filed a motion seeking authorization to retain Jenner as her counsel.  The Court entered the Jenner Retention Order on August 16, 2012, approving the Trustee's retention of Jenner.

5.      Jenner has not filed any previous fee applications in this case.

## PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

6.      Jenner submits this Application seeking final approval and allowance of compensation in the amount of $95,469.00 and of actual and necessary expenses in the amount of $5,324.74 incurred during the Compensation Period.

7.      The fees sought by this Application reflect an aggregate of 192.20 hours of attorney and paraprofessional time spent and recorded in performing services for the Trustee during the Compensation Period.  Of the aggregate time expended, 4.9 recorded hours were expended by partners, 132.40 recorded hours were expended by counsel and associates, and 54.90 recorded hours were expended by paralegals and project assistants.

8.      During the Compensation Period, Jenner's hourly billing rates for attorneys working on these matters ranged from $380.00 to $905.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $496.72.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners

in comparable non-bankruptcy cases in a competitive national legal market.  In accordance with the factors enumerated in 11 U.S.C. § 330, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

9.      Attached hereto as Exhibit A is a schedule setting forth all Jenner professionals and paraprofessionals who have performed services in this chapter 7 case during the Compensation Period, the capacities in which each such individual is employed by Jenner, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, and the year in which each attorney was first licensed to practice law.

10.     Attached hereto as Exhibit B is a detailed statement by project categories of the services performed during the Compensation Period and, for each separate project category, a list of each person providing services on the project, a statement of the number of hours spent, and the amount of compensation requested for each person on the project.

11.     Attached hereto as Exhibit C is a schedule specifying the categories of expenses for which Jenner is seeking reimbursement and the total amount for each such expense category; and Exhibit D contains a detailed list of all expenses for which Jenner seeks reimbursement.  This schedule has been adjusted for and does not reflect certain expenses incurred by Jenner for which it will not be seeking reimbursement.

12.     The fees charged by Jenner in this case are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.  The rates Jenner charges for the services rendered by its professionals and paraprofessionals in this chapter 7 case are consistent with the rates charged to other clients, including outside of bankruptcy.  None of the Jenner & Block

3

professionals in this engagement varies his or her rate based on the geographic location of a

bankruptcy case.    Such fees are reasonable based on the customary compensation charged by

comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal

market.

      13.     All of the services for which final compensation is sought were rendered to the Trustee

solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on

behalf of any individual creditor or other person.

      14.     Jenner has not entered into any agreement, express or implied, with any other party for

the purpose of fixing or sharing fees or other compensation to be paid for professional services

rendered in this case.

      15.     Jenner has not shared, or agreed to share, (a) any compensation it has received or may

receive with another party or person, other than with the members, counsel and associates of the firm,

or (b) any compensation another person or party has received or may receive.    No promises have been

received by Jenner or any member thereof as to compensation in connection with this case other than in

accordance with the provisions of the Bankruptcy Code.

## **SUMMARY OF SERVICES PROVIDED AND EXPENSES INCURRED**

      16.     During the Compensation Period and in accord with the Jenner Retention Order,

Jenner performed tasks aimed at furthering the following purposes (i) investigating the estate's

finances and liquidating its assets; (ii) reviewing and negotiating reductions of claims against the estate;

(iii) objecting to the Debtor's discharge; and (iv) advising the Trustee, drafting briefs and attending

hearings with respect to various other matters relating to the administration of the Estate.

      17.     To provide an orderly summary of the services rendered to the Trustee by Jenner

and in accordance with Guidelines, Jenner has established seven billing categories in connection

with this case.  The following summary is intended to highlight the services rendered in each separate billing category and is not intended to be a comprehensive detailed description of the work performed.  Detailed descriptions of the day-to-day services provided and the time expended performing such services in each project billing category are attached as <u>Group Exhibit B</u> hereto alogn with a list by project billing category of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

18.    The primary professional services that Jenner rendered during the Compensation Period are described below.

**(1)    <u>Case Administration</u> - 10014**

19.    Time recorded in this category relates to time spent attending to various tasks related to the administration of the estate that do not fall into the other defined categories.  These tasks included responding to inquiries from creditors, attending hearings on stay relief motions and responding to Rule 2004 requests for documents from various inusrance and union auditors.

20.    During the Compensation Period, Jenner expended 25.20 hours, at an aggregate charge of $9,023.50, on matters relating to case administration.

**(2)    <u>Fee Application</u> - 10022**

21.    Time recorded in this category related to the preparation of retention and fee applications for Jenner and other professionals.

22.    During the Compensation Period, Jenner expended 7.40 hours, at an aggregate charge of $3,820.00, on matters relating to the retention of the estate's accountants and preparation of fee applications.

**(3)**     <u>Review of Claims - 10030</u>

23.     Time recorded in this category related to Jenner's review of claims filed against the estate, as well as negotiating resolutions of certain of those claims and documenting those resolutions.

24.     During the Compensation Period, Jenner expended 15.50 hours, at an aggregate charge of $9,133.00, on matters relating to the review of claims.

**(4)**     <u>Resolution Of Mechanic's Liens and Collection of Accounts Receivable - 10049</u>

25.     Time recorded in this category related to Jenner's investigation, liquidation, and distribution of certain accounts receivable assets.  These assets typically took the form of escrow accounts funded before the debtor's bankruptcy filing, which had yet to be drawn down.  Jenner: (a) negotiated the final draw downs of these assets with property owners, escrow agents, and subcontractors; (b) drafted briefs to seek court authorization to draw down these assets, distribute the proceeds to subcontractors and the estate, and adjusted the claims of paid subcontractors accordingly; and (c) facilitated distributions of proceeds and related releases of subcontractor mechanic's liens.  The majority of the assets held by the estate resulted from Jenner's efforts in this category.

26.     During the Compensation Period, Jenner expended 89.70 hours, at an aggregate charge of $44,238.00, on matters relating to the resolution of mechanic's liens and collection of accounts receivable.

**(5)**     <u>Defense Of Anchor Mechanical Lawsuit - 10057</u>

27.     Time recorded in this category related to Jenner's defense of the estate against a lawsuit brought by creditor Anchor Mechanical, Inc.  Anchor's suit sought, among other things, to impose a statutory trust over substantially all of the estate's assets.  Jenner moved to dismiss

Anchor's complaint.  Anchor responded with an amended complaint, which Jenner also moved to dismiss.  The Court granted that motion.

28.     During the Compensation Period, Jenner expended 46.70 hours, at an aggregate charge of $25,367.50, on matters relating to the defense of the Anchor Mechanical lawsuit.

**(6)     Debtor Lease Issues - 10065**

29.     Time recorded in this category related to the Jenner's negotiation and documentation of a settlement with the Debtor's landlord, as well as briefing to seek court permission to execute that settlement.  The settlement caused the Debtor's landlord to release its lease claim against the Debtor's estate in exchange for the Debtor transferring to the landlord personal property located at the leasehold.

30.     During the Compensation Period, Jenner expended 7.70 hours, at an aggregate charge of $3,887.00, on matters relating to the Debtor's lease issues.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

31.     The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the chapter 7 case and were in the best interests of the parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.  Jenner has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

32.     In preparing this Application, Jenner calculated the amount of time spent by each attorney and paralegal in performing actual and necessary legal services for the Trustee.  That data came directly from computer printouts that are kept on each Jenner client.  Time entries are kept on daily logs or on computer hard drives.  These entries are in turn reported to the firm's

main frame computer, which produced the time records for this Application.  Jenner attorneys have reviewed the computer printouts for errors.

33.    The rates used in Application are the customary and usual rates which Jenner charges clients on matters of this type.  In addition, the disbursements for which Jenner seeks reimbursement are the customary and usual expenses for which Jenner seeks reimbursement from its clients.  Jenner charges 11¢ per page for duplicating.[1]  Jenner does not charge its clients for telecopies, data research and many overtime expenses, and takes those expenses into account in its overhead.  Jenner does not include charges for postage, messenger services or duplicating in its overhead because it has determined that it is fairer to its smaller clients who proportionately use less of these services to have these expenses billed separately.  According to its outside auditors, these charges fairly approximate the firm's actual costs and do not result in undue revenue for the firm.  The firm's hourly rates used for this Application do not compensate the firm for such expenses.

34.    Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;

---

[1] Jenner increased its charges for duplicating from 10¢ per page to 11¢ per page on January 1, 2014. Therefore, the overwhelming majority of duplicating costs included in Jenner's expense reimbursement request reflect the older 10¢ per page cost structure.

> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id*. § 330(a)(3).

35.     In the case at bar, Jenner respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Trustee's efforts in administrating the Debtor's estate, and necessary to and in the best interests of the Debtor's estate.  Jenner further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee.

36.     Jenner used its considerable internal resources to ensure that attorneys with specific knowledge and practice area concentrations addressed non-bankruptcy issues, thereby minimizing unnecessary research and costs to the Debtor's estate.   To the extent reasonably practical, drafting and research tasks were assigned to attorneys at the associate level, while partners engaged in key negotiations and litigation.

37.     The rates charged by Jenner in this case are its standard rates for any bankruptcy matter, and are identical to the rates it would charge throughout the country in any bankruptcy case of this size and prominence.   The rates charged by Jenner also are consistent with reasonable and customary hourly rates charged by other attorneys throughout the country in matters of similar complexity and scope.

38.     In sum, the services rendered by Jenner were necessary and beneficial to the Debtor's estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Accordingly, approval of the interim compensation sought herein for the Compensation Period is warranted.

## NOTICE

39.     Notice of this Application has been given with the notice of the hearing on the Trustee's Final Report.  Jenner believes this notice is sufficient and requests that the Court waive any further notice requirement.

## CONCLUSION

WHEREFORE, Jenner respectfully requests: (i) allowance and payment of compensation for professional services rendered during the Compensation Period in the amount of $95,469.00; (ii) reimbursement for actual and necessary expenses Jenner incurred during the Compensation Period in the amount of $5,324.74; and (iii) that the Court grant Jenner such other and further relief as is just.

Respectfully submitted,

CATHERINE STEEGE, not individually but as Chapter 7 Trustee for the bankruptcy estate of ICM, Inc.

By:      _/s/ Catherine Steege_____
One of Her Attorneys

Catherine Steege (06183529)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois  60654-3456
PH:     312/923-2952
FAX:   312/840-7352

Dated:  September 10, 2014

## EXHIBIT A

## SUMMARY OF PROFESSIONAL SERVICES

| NAME | CAPACITY | HOURS | RATE | AMOUNT | YEAR |
|---|---|---|---|---|---|
| CATHERINE L. STEEGE – 2014 RATE | PARTNER | 1.00 | 900.00 | 900.00 | 1982 |
| CATHERINE L. STEEGE – 2013 RATE | | 3.20 | 885.00 | 2,832.00 | |
| CATHERINE L. STEEGE – 2012 RATE | | .70 | 850.00 | 595.00 | |
| MICHAEL J. KELLY – 2014 RATE | ASSOCIATE | 20.00 | 600.00 | 12,000.00 | 2006 |
| MICHAEL J. KELLY – 2013 RATE | | 96.60 | 590.00 | 56,994.00 | |
| MICHAEL J. KELLY – 2012 RATE | | 6.50 | 550.00 | 3,575.00 | |
| LAUREN SYLVESTER BERHEIDE – 2012 RATE | ASSOCIATE | 9.30 | 380.00 | 3,534.00 | 2011 |
| LOWELL T. YAP – 2014 RATE | PARALEGAL | 0.60 | 325.00 | 195.00 | N/A |
| LOWELL T. YAP – 2013 RATE | | 1.90 | 310.00 | 589.00 | |
| MICHAEL H. MATLOCK – 2013 RATE | PARALEGAL | 31.80 | 310.00 | 9,858.00 | N/A |
| NEIL H. BERGER – 2013 RATE | PARALEGAL | 3.00 | 310.00 | 930.00 | N/A |
| JACQUELINE R. NORTON – 2013 RATE | PROJ. ASST. | 1.00 | 275.00 | 275.00 | N/A |
| ANNETTE M. YOUNG – 2013 RATE | PROJ. ASST. | .50 | 195.00 | 97.50 | N/A |
| MARC A. PATTERSON – 2013 RATE | PROJ. ASST. | 13.10 | 195.00 | 2,554.50 | N/A |
| MARC A. PATTERSON – 2012 RATE | | 3.00 | 180.00 | 540.00 | |
| TOTAL | | 192.20 | | $95,469.00 | |

## EXHIBIT B

## SUMMARY BY PROJECT CATEGORY

CASE ADMINISTRATION                          MATTER NUMBER-      10014

| | | | | |
|---|---|---|---|---|
| 7/26/2012 | LSB | 1.20 | Attended hearing re motion for stay relief filed by mechanics lien claimant. | 456.00 |
| 12/20/2012 | MJK | 1.80 | Attended hearing on motion for 2004 exam filed by union auditor. | 990.00 |
| 12/21/2012 | MXP | 1.50 | Reviewed boxes of Debtor's files for documents re union workers payments to provide to auditor. | 270.00 |
| 12/28/2012 | MJK | 0.20 | Emails to coordinate auditor review of files. | 110.00 |
| 12/31/2012 | MXP | 1.50 | Reviewed boxes of Debtor's files for documents re union workers payments for Rule 2004. | 270.00 |
| 1/2/2013 | MHM | 1.20 | Worked on preparing service list and service materials for motion to settle. | 372.00 |
| 1/2/2013 | MXP | 1.70 | Reviewed boxes of Debtor's files for documents re Rule 2004 request for union workers payments. | 331.50 |
| 1/2/2013 | MXP | 1.40 | Worked on mailing of motion to approve settlement to service list. | 273.00 |
| 1/10/2013 | MJK | 0.30 | Correspondence with union attorney re Rule 2004 request. | 177.00 |
| 1/23/2013 | MJK | 1.30 | Attended hearing on 2004 motion by union (1.0); conference with union attorney re same (.3). | 767.00 |
| 1/28/2013 | MJK | 0.30 | Correspondence with union re union's discovery and claim. | 177.00 |
| 2/1/2013 | MJK | 0.40 | Attended to auditor's visit to inspect debtor's books and records (.3); email to debtor's principal re request of additional information (.1). | 236.00 |

| | | | | |
|---|---|---|---|---|
| 2/19/2013 | MHM | 1.50 | Reviewed files for financial statements for Rule 2004 response. | 465.00 |
| 2/19/2013 | MXP | 1.50 | Reviewed boxes of Debtor's files for 2012 financial documents. | 292.50 |
| 2/20/2013 | MXP | 1.00 | Reviewed boxes of Debtor's files for 2012 financial documents. | 195.00 |
| 3/22/2013 | MXP | 0.20 | Organize files in case room. | 39.00 |
| 4/25/2013 | MHM | 0.10 | Corresponded with A. Lasko and C. Steege re availability of business records for tax returns. | 31.00 |
| 4/29/2013 | MJK | 0.30 | Finalized and filed motion to sell TSR interest; conference with purchaser's attorney re same. | 177.00 |
| 5/23/2013 | MJK | 0.40 | Reviewed motion to lift stay and emails with C. Steege re same. | 236.00 |
| 5/29/2013 | MJK | 1.90 | Prepared for and attended hearing on 71 S. Wacker stay motion, A. Lasko fee application, and Thornes lift stay motion (1.8); negotiated potential resolution with Thornes stay movant (.2); updated C. Steege on hearing (.1). | 1,121.00 |
| 6/18/2013 | MHM | 0.30 | Reviewed docket for evidence of claims transfer and updated footnote in motion re same. | 93.00 |
| 7/1/2013 | MHM | 0.60 | Reviewed motion, docket and claims registers for address information for certain lien claimants. | 186.00 |
| 7/2/2013 | MHM | 0.40 | Worked on re-filing motions to pay per court case administrators. | 124.00 |
| 7/12/2013 | MJK | 0.10 | Conference with sub-contractor Global Fire re payment. | 59.00 |
| 7/17/2013 | MHM | 0.40 | Worked on refiling motions to authorize to payment per case manager's instructions. | 124.00 |
| 7/23/2013 | MHM | 0.50 | Corresponded with W. Zaeske and M. Kelly re arrangements for review of documents. | 155.00 |
| 7/23/2013 | MXP | 0.40 | Prepared for document review by Zieske Law. | 78.00 |

| | | | | |
|---|---|---|---|---|
| 7/23/2013 | MJK | 0.40 | Conference with Druckmiller's attorney re corporate records (.3); conference with C. Steege re same and case status (.1). | 236.00 |
| 7/25/2013 | MXP | 0.70 | Met with M. Matlock and W. Zieske re document review (.2); arranged for copies of documents and prepared copies of cd's for production to  W. Zieske (.5). | 136.50 |
| 7/29/2013 | MHM | 0.60 | Reviewed documents selected for copying (.4); prepared letter to W. Zieske re transmittal of same (.2). | 186.00 |
| 6/6/2014 | MJK | 0.30 | Telephone call with creditor attorney re request to lift the stay. | 180.00 |
| 6/25/2014 | MJK | 0.80 | Reviewed emails and drafted filings from Neha Tannan re lift stay on PI case (.3); email with C. Steege re response to same (.3); conference with Tannan re trustee's view on lift stay motion and request that Tannan provide us updated brief and proposed order before filing (.2). | 480.00 |
| | | 25.20 | PROFESSIONAL SERVICES | $9,023.50 |

MATTER 10014 TOTAL                                                    $9,023.50

### SUMMARY OF PROFESSIONAL SERVICES

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| MARC A. PATTERSON – 2012 RATE | 3.00 | 180 | $540.00 |
| MICHAEL J. KELLY – 2012 RATE | 2.00 | 550 | $1,100.00 |
| LAUREN SYLVESTER BERHEIDE – 2012 RATE | 1.20 | 380 | $456.00 |
| MARC A. PATTERSON – 2013 RATE | 6.90 | 195 | $1,345.50 |
| MICHAEL H. MATLOCK – 2013 RATE | 5.60 | 310 | $1,736.00 |
| MICHAEL J. KELLY – 2013 RATE | 5.40 | 590 | $3,186.00 |
| MICHAEL J. KELLY – 2014 RATE | 1.10 | 600 | $660.00 |
| | 25.20 | | $9,023.50 |

FEE APPLICATION                                         MATTER NUMBER-    10022

| 8/8/2012 | CS | 0.30 | Reviewed conflict report and prepared retention affidavit for Jenner's retention. | 255.00 |
| 8/9/2012 | CS | 0.20 | Revised and filed motion to retain accountant. | 170.00 |
| 5/6/2013 | MJK | 0.20 | Reviewed and finalized A. Lasko fee application. | 118.00 |
| 5/6/2013 | MHM | 1.40 | Drafted notice of motion, cover sheet and proposed order for A. Lasko's first fee application. | 434.00 |
| 5/6/2013 | MHM | 0.80 | Reviewed docket and claims register for new service parties and prepared service materials for service of Lasko application. | 248.00 |
| 5/6/2013 | MXP | 1.00 | Worked on mailing of the First Interim Application of Alan D. Lasko & Associates, P.C. for Allowance Compensation and Expenses to service list. | 195.00 |
| 6/26/2014 | MJK | 2.50 | Worked on drafting fee application. | 1,500.00 |
| 7/14/2014 | CS | 1.00 | Revised and finalized fee petition. | 900.00 |
| | | 7.40 | PROFESSIONAL SERVICES | $3,820.00 |

MATTER 10022 TOTAL                                                     $3,820.00

## SUMMARY OF PROFESSIONAL SERVICES

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| CATHERINE L. STEEGE – 2012 RATE | 0.50 | 850 | $425.00 |
| MARC A. PATTERSON – 2013 RATE | 1.00 | 195 | $195.00 |
| MICHAEL H. MATLOCK – 2013 RATE | 2.20 | 310 | $682.00 |
| MICHAEL J. KELLY – 2013 RATE | 0.20 | 590 | $118.00 |
| CATHERINE L. STEEGE – 2014 RATE | 1.00 | 900 | $900.00 |
| MICHAEL J. KELLY – 2014 RATE | 2.50 | 600 | $1,500.00 |
| | 7.40 | | $3,820.00 |

4

REVIEW OF CLAIMS                                          MATTER NUMBER-          10030

| 7/12/2013 | MJK | 0.20 | Responded to C. Steege question about Ewing Doherty claim. | 118.00 |
|---|---|---|---|---|
| 6/12/2014 | MJK | 1.80 | Email to claimant Ascher re questions re whether aspects of claim already paid off (.2); drafted chart to show clerk how claims are impacted by the four settlement orders already entered (1.5); contacted J. Jeffries to let him know his client was already paid (.1). | 1,080.00 |
| 6/17/2014 | MJK | 3.70 | Drafted chart that summarizes proposed course of action re each claim (3.0); drafted motion re Griffin Pipe claim (.4); email to C. Steege re same and re what action to take with getting clerk to correct claims affected by the escrow payment orders (.3). | 2,220.00 |
| 6/18/2014 | LTY | 0.20 | Updated and readied notice of stipulated reduction of claim no. 37 for ECF filing (.1); efiled same (.1). | 65.00 |
| 6/18/2014 | MJK | 3.50 | Contacted numerous claim holders to seek out additional information re claims held and, where appropriate, requested stipulations to adjust those claims and drafted such stipulations. | 2,100.00 |
| 6/19/2014 | MJK | 2.00 | Continued contacting claimants and negotiating and documenting claim reductions. | 1,200.00 |
| 6/20/2014 | MJK | 0.50 | Correspondence with creditors re claim objections. | 300.00 |
| 6/23/2014 | LTY | 0.30 | Updated and readied notice of stipulated reduction of claim no. 4 and notice of withdrawal of claim no. 36 for ECF filing (.2); e-filed same (.1). | 97.50 |
| 6/23/2014 | MJK | 1.00 | Follow up with various claimants re claim stipulations and direct filing of stipulations. | 600.00 |
| 6/24/2014 | LTY | 0.10 | E-filed notice of stipulated reduction of claim no. 24. | 32.50 |
| 6/24/2014 | MJK | 1.50 | Continued follow up on claimant stipulations and facilitated filing of stipulations. | 900.00 |

5

| Date | | Hours | Description | Amount |
|---|---|---|---|---|
| 6/25/2014 | MJK | 0.70 | Conference with court clerk re updating the claims register (.2) and drafted email explanation of same with chart describing how the escrow payment orders impact the claims (.5). | 420.00 |
| | | 15.50 | PROFESSIONAL SERVICES | $9,133.00 |

MATTER 10030 TOTAL                                    $9,133.00

## SUMMARY OF PROFESSIONAL SERVICES

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| MICHAEL J. KELLY – 2013 RATE | 0.20 | 590 | $118.00 |
| LOWELL T. YAP – 2014 RATE | 0.60 | 325 | $195.00 |
| MICHAEL J. KELLY – 2014 RATE | 14.70 | 600 | $8,820.00 |
| | 15.50 | | $9,133.00 |

RESOLUTION OF MECHANICS LIENS/COLLECTION          MATTER NUMBER-  10049
    OF ACCOUNTS RECEIVABLE

| Date | Initials | Hours | Description | Amount |
|---|---|---|---|---|
| 8/15/2012 | LSB | 0.90 | Conferred with C. Steege re motion to pay claims to obtain turnover of account receivables (.3); reviewed motions to pay mechanic's lien (.2); began reviewing file and documents re same (.4). | 342.00 |
| 8/16/2012 | LSB | 5.30 | Researched Bankruptcy Code and cases re motion to pay mechanic's lien (1.2); drafted and edited motion re same (3.6); reviewed file re background information and documentation re liens (.5). | 2,014.00 |
| 8/21/2012 | LSB | 0.50 | Completed final edits to property turnover motion. | 190.00 |
| 8/29/2012 | CS | 0.20 | Reviewed motion re mechanics lien payments and revised same. | 170.00 |
| 9/4/2012 | LSB | 1.40 | Drafted additional mechanic's lien motion for V2 Capital job (.9); reviewed file on V2 Capital job re same (.2); edited Akoo job motion (.3). | 532.00 |
| 2/13/2013 | MJK | 0.60 | Conference with C. Steege and J. Irving re mechanics lien (.1); research re authority for motion (.5). | 354.00 |
| 2/18/2013 | MJK | 0.60 | Research re status of ICM's subs and draws. | 354.00 |
| 2/19/2013 | MJK | 1.30 | Research status of 71 S. Wacker draws and liens. | 767.00 |
| 2/22/2013 | MJK | 0.80 | Revised spreadsheet summarizing information re 71 S. Wacker job (.3); updated mechanic lien motion to conform with same (.5). | 472.00 |
| 2/25/2013 | CS | 0.50 | Revised motion to pay mechanics liens. | 442.50 |
| 2/25/2013 | MJK | 0.70 | Conference with C. Steege re mechanics liens issues (.1), revised 71 S. Wacker motion re mechanic liens (.3); emails with C. Steege re further changes to motion and order (.3). | 413.00 |

7

| 3/11/2013 | CS | 0.20 | Revised motion to pay claims. | 177.00 |
|---|---|---|---|---|
| 3/11/2013 | NHB | 1.00 | Reviewed assignment from M. Kelly (.1); preliminary online searches to confirm property information and tax parcel numbers to search (.2); generated reports re same (.1); met with M. Patterson re recorder's website searches and summary (.1); reviewed summary chart and correspondence to confirm recorded documents to obtain (.1); call and e-mail with title company re same (.2); follow-up with M. Patterson and M. Kelly re status and open items (.2). | 310.00 |
| 3/11/2013 | MJK | 3.10 | Research and revised motion re 71 S. Wacker liens. | 1,829.00 |
| 3/11/2013 | MXP | 1.70 | Worked on mechanics lien searches on the Cook County Recorder's website (.8); created chart re same for M. Kelly (.9). | 331.50 |
| 3/12/2013 | MJK | 1.20 | Further research re lien and POC status (.5); updated motion re same (.3); email C. Steege re same (.1); email and conferences with N. Berger re lien research (.3). | 708.00 |
| 3/12/2013 | NHB | 0.50 | Reviewed and cross-checked document listing provided by M. Patterson (.3); follow-up with title company and M. Kelly re status and open items (.2). | 155.00 |
| 3/13/2013 | MJK | 0.90 | Further revised ICM Hyatt motion and email with C. Steege re same. | 531.00 |
| 3/15/2013 | MJK | 0.10 | Email J. Irving re 71 S. Wacker payment. | 59.00 |
| 3/22/2013 | MJK | 0.30 | Conference with J. Irving re 71 S. Wacker motion (.2); email to C. Steege re same (.1). | 177.00 |
| 3/24/2013 | MHM | 1.00 | Worked on finalizing motion to pay mechanics liens. | 310.00 |
| 3/24/2013 | MHM | 0.90 | Revised exhibits to motion to pay mechanics liens. | 279.00 |
| 3/24/2013 | MHM | 0.60 | Worked on e-filing and service of motion to pay mechanics' liens. | 186.00 |

| Date | Initials | Hours | Description | Amount |
|---|---|---|---|---|
| 3/27/2013 | MJK | 0.20 | Conference with J. Irving re ICM 71 S Wacker lien claimant's comments on motion (.1); email C. Steege re same (.1). | 118.00 |
| 4/4/2013 | NHB | 1.00 | Reviewed assignment from M. Kelly (.1); online search to obtain initial property information re 2111 W. Roosevelt Road and 5600 N. River Rd. (.5); reviewed preliminary results (.2); follow-up with M. Kelly and M. Patterson re findings (.2). | 310.00 |
| 4/4/2013 | MJK | 0.50 | Reviewed Akoo records for motion (.3); emails with N. Berger re lien searches relevant to same (.2). | 295.00 |
| 4/8/2013 | NHB | 0.50 | Reviewed M. Patterson's findings (.1); calls and e-mails with title company re recorded document availability (.1); follow-up with M. Kelly re same (.1); reviewed lien and release upon receipt (.1); provided copies to M. Kelly (.1). | 155.00 |
| 4/15/2013 | MJK | 0.90 | Revised J. Irving version of the 71 S. Wacker motion (.8); email to C. Steege re same (.1). | 531.00 |
| 4/22/2013 | CS | 0.50 | Revised motion re 71 S. Wacker claim. | 442.50 |
| 4/22/2013 | MJK | 0.60 | Conferences with C. Steege re J. Irving emails (.2); reviewed J. Irving changes (.2); email with M. Matlock re filing (.2). | 354.00 |
| 4/22/2013 | MHM | 1.30 | Reviewed docket and claims register and updated all creditor matrix for service of motion to pay mechanics' liens. | 403.00 |
| 4/22/2013 | MHM | 1.60 | Worked on updating notice of motion and preparing motion and exhibits for filing. | 496.00 |
| 4/23/2013 | MXP | 1.80 | Worked on mailing of the Trustee's Motion for an Order Authorizing the Payment of Pre-Petition Claims of Certain Mechanic's Lien Claimants to service list. | 351.00 |
| 4/23/2013 | MJK | 0.60 | Reviewed and revised final version of 71 S. Wacker motion for filing. | 354.00 |
| 4/24/2013 | MJK | 0.20 | Telephone conference with A. Johnson attorney re 71 S. Wacker motion and claim. | 118.00 |

9

| 5/3/2013 | LTY | 1.90 | Prepared amended notice of motion and certificate of service (.4);  assembled service list and related mailing labels for same (.6); readied same for ECF filing (.2); e-filed same (.1); worked on preparation re service of same (.6). | 589.00 |
|---|---|---|---|---|
| 5/3/2013 | MXP | 1.00 | Worked on mailing of the Trustee's Motion for an Order Authorizing the Payment of Pre-Petition Claims of Certain Mechanic's Lien Claimants and Establishing Procedures to Assert Such Liens, Disallowing Unsecured Claims and for Other Relief to service list | 195.00 |
| 5/10/2013 | MJK | 0.20 | Talked to subcontractor Triangle about 71 S. Wacker motion. | 118.00 |
| 5/17/2013 | MJK | 0.20 | Emails re mode of payment for 71 S. Wacker with landowner lawyer and with C. Steege. | 118.00 |
| 5/29/2013 | MHM | 0.30 | Reviewed claim for counsel information for Triangle Decorating and corresponded with M. Kelly re same. | 93.00 |
| 5/29/2013 | MJK | 0.30 | Conference with Triangle attorney re change to 71 S. Wacker order. | 177.00 |
| 6/4/2013 | MJK | 0.30 | Conference with Akoo property manager re resolution of liens and sub claims. | 177.00 |
| 6/10/2013 | MJK | 3.70 | Drafted Akoo motion (3.0); took steps to identify all affected contractors so as to ensure proper service (.7). | 2,183.00 |
| 6/11/2013 | MJK | 4.70 | Drafted emails to various constituencies re Akoo lien motion (.5), answered multiple emails from sub re same (.3), coordinated email and phone correspondence with additional subs re same (.5); researched and drafted motion to resolve V2 Capital liens project (3.0), preliminary emails to owner re same (.2) and phone call re same (.2). | 2,773.00 |
| 6/12/2013 | MJK | 1.60 | Conferences with Triangle sub attorney re lien motion and research re questions from same (.3), conferences and emails with other sub attorneys re lien motion (1.0); finalized letters to subs re lien motion (.3). | 944.00 |

| | | | | |
|---|---|---|---|---|
| 6/13/2013 | MJK | 2.50 | Worked on V2 (.7) , worked on Prime Properties lien research and motion (1.8). | 1,475.00 |
| 6/14/2013 | MHM | 0.20 | Researched registered agent for First American Title Co. | 62.00 |
| 6/14/2013 | MHM | 0.40 | Researched service information for parties affected by motion to pay liens on Akoo property. | 124.00 |
| 6/14/2013 | MHM | 1.30 | Reviewed creditor matrix, updated same and prepared for service of motion to affected parties. | 403.00 |
| 6/14/2013 | MHM | 0.90 | Reviewed motion and drafted order on motion to settle. | 279.00 |
| 6/14/2013 | MJK | 0.50 | More revisions on Akoo lien motion, correspondence with escrow re same. | 295.00 |
| 6/17/2013 | MHM | 0.90 | Researched form of stay order and drafted order re Akoo motion. | 279.00 |
| 6/18/2013 | MJK | 0.50 | Revised, finalized, facilitated filing of Akoo motion. | 295.00 |
| 6/18/2013 | MHM | 0.20 | Updated service list on Akoo motion with additional parties. | 62.00 |
| 6/28/2013 | MJK | 0.80 | Emails and telephone conferences re V2 settlement; revised and circulated same. | 472.00 |
| 7/1/2013 | MHM | 0.30 | Prepared exhibits for motion to pay certain lien claimants. | 93.00 |
| 7/1/2013 | MHM | 0.70 | Worked on e-filing motion to pay certain lien claimants and prepared same for service. | 217.00 |
| 7/1/2013 | MJK | 0.50 | Revised and finalized V2 projection motion. | 295.00 |
| 7/17/2013 | MJK | 1.20 | Prepared for and attended hearing on Akoo project motion. | 708.00 |
| 7/18/2013 | MJK | 0.30 | Email with owner, title company, and lien claimant to coordinate payment on Akoo. | 177.00 |
| 7/24/2013 | MJK | 1.70 | Prepared for and attended hearing on V2 (1.5); email property owner representative re same (.2). | 1,003.00 |

11

| 7/25/2013 | MJK | 0.30 | Email correspondence re payment on Akoo project. | 177.00 |
| 8/7/2013 | MJK | 4.50 | Tracked down information relevant to 208 S. LaSalle A/R and emails with T. French re same (1.8); began research on Netsphere A/R (.2); began research on NY Times project A/R and tracked down current owner (1.1)research Gore Creek A/R including reviewed prior 71 S. Wacker motion re same and reviewed proof of claims of relevant subs re same (1.2), contacted J. Irving re same and email re same (.2). | 2,655.00 |
| 8/8/2013 | MJK | 1.40 | Conference with T. French re 208 S LaSalle (.2); more research re amounts owed on 208 S. LaSalle (.7); email to Druckmiller re 208 S. LaSalle (.2); additional research re other A/R accounts (.3) | 826.00 |
| 8/9/2013 | MJK | 0.70 | Emails with building owners (.4) and with Druckmiller (.3) to investigate uncollected A/R related to certain contractor projects. | 413.00 |
| 8/21/2013 | MJK | 0.20 | Reviewed Akoo email from landowner (.1) and email N. Johnson and Thorne re release of Akoo lien (.1). | 118.00 |
| 9/5/2013 | MJK | 0.30 | Correspondence with D. Lynch re mechanics lien release. | 177.00 |
| 9/9/2013 | MJK | 0.70 | Determined distributions from V2 project receivable. | 413.00 |
| 9/13/2013 | MJK | 3.50 | Worked on motion to resolve numerous claims related to 208 S. LaSalle. | 2,065.00 |
| 9/16/2013 | MJK | 1.20 | Conference with L. Regalado re 208 S. LaSalle motion and began updating motion. | 708.00 |
| 9/19/2013 | MJK | 2.50 | Revised 208 S. LaSalle motion in light of comments from escrow agent (2.3); email to escrow agent re same (.2). | 1,475.00 |
| 9/23/2013 | MJK | 0.90 | Emails with escrow agent re 208 S. LaSalle motion (.2); revised same in light of comments (.7). | 531.00 |
| 9/25/2013 | MJK | 0.50 | Further revised 208 S. LaSalle motion (.4); email to building owner re same (.1). | 295.00 |

| | | | | |
|---|---|---|---|---|
| 9/27/2013 | MHM | 0.50 | Worked on preparing exhibits for motion re 208 S. LaSalle. | 155.00 |
| 9/30/2013 | MJK | 0.30 | Reviewed email from building owner (.1); telephone conference with escrow agent re issue raised by owner (.2). | 177.00 |
| 10/14/2013 | MJK | 0.50 | Revised prime property motion in response to comments from T. French (.3); email T. French re revised motion and comment about admiral lien (.2). | 295.00 |
| 10/21/2013 | MJK | 0.20 | Reviewed emails re Admiral lien on Prime Properties (.1); responded to same (.1). | 118.00 |
| 10/31/2013 | MJK | 0.70 | Worked on revising motion to allow payment and release liens for the four Prime properties (.5); emails to Prime contact and CTT contact re same (.2). | 413.00 |
| 11/13/2013 | MJK | 0.70 | Revised prime property motion (.5); email to building owners and title company re same (.2). | 413.00 |
| 11/25/2013 | MJK | 0.20 | Emails to Prime re filing motion to pay account receivable. | 118.00 |
| 11/26/2013 | MHM | 1.50 | Prepared service to all creditors for motion to pay certain mechanics' liens. | 465.00 |
| 11/26/2013 | MJK | 0.30 | Emails to M. Matlock re preparing to file ICM Prime lien motion. | 177.00 |
| 11/27/2013 | MHM | 0.50 | Proofread final motion and exhibits and readied motion to pay for filing. | 155.00 |
| 11/27/2013 | MHM | 0.40 | Worked on e-filing motion to sell certain mechanic's lien claims. | 124.00 |
| 11/27/2013 | MHM | 1.00 | Worked on service of motion to pay re ICM Prime lien motion. | 310.00 |
| 11/27/2013 | AMY | 0.50 | Worked on service of motion to pay lien claimants re ICM Prime lien motion. | 97.50 |
| 11/27/2013 | MJK | 0.80 | Tasks to get Prime Realty liens motion filed. | 472.00 |
| 12/16/2013 | MJK | 0.60 | Emails re motion to resolve liens (.2); prepared for hearing (.4). | 354.00 |

| 12/18/2013 | MJK | 1.50 | Prepared for (.5) and attended ICM motion (1.0) to deal with Prime liens. | 885.00 |
| 1/15/2014 | MJK | 0.30 | Emails with P. Hermon re sending out checks from Prime lien settlement. | 180.00 |
| 1/31/2014 | MJK | 0.50 | Research re Gore Creek receivable (.3); contacted Harrison Street Partners re same (.1); updated C. Steege re same (.1). | 300.00 |
| 2/26/2014 | MJK | 0.40 | Emails with C. Steege re status of Harrison street collectable (.2); emails with Harrison street contact re same (.2). | 240.00 |
| 6/12/2014 | MJK | 0.50 | Conference with Harrison Street Partners re A/R collection (.3); email update to C. Steege re same (.1); email to M. Gershowitz asking for letter setting forth Harrison's side of the story (.1). | 300.00 |
| | | 89.70 | PROFESSIONAL SERVICES | $44,238.00 |

MATTER 10049 TOTAL                                                     $44,238.00

## SUMMARY OF PROFESSIONAL SERVICES

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| CATHERINE L. STEEGE – 2012 RATE | 0.20 | 850 | $170.00 |
| LAUREN SYLVESTER BERHEIDE – 2012 RATE | 8.10 | 380 | $3,078.00 |
| CATHERINE L. STEEGE – 2013 RATE | 1.20 | 885 | $1,062.00 |
| MARC A. PATTERSON – 2013 RATE | 4.50 | 195 | $877.50 |
| ANNETTE M. YOUNG – 2013 RATE | 0.50 | 195 | $97.50 |
| LOWELL T. YAP – 2013 RATE | 1.90 | 310 | $589.00 |
| MICHAEL H. MATLOCK – 2013 RATE | 14.50 | 310 | $4,495.00 |
| MICHAEL J. KELLY – 2013 RATE | 54.10 | 590 | $31,919.00 |
| NEIL H. BERGER – 2013 RATE | 3.00 | 310 | $930.00 |
| MICHAEL J. KELLY 2014 RATE | 1.70 | 600 | $1,020.00 |
| | 89.70 | | $44,238.00 |

DEFENSE OF ANCHOR MECHANICAL LAWSUIT                    MATTER NUMBER-   10057

| | | | | |
|---|---|---|---|---|
| 2/25/2013 | MJK | 3.00 | Aarranged for extension for answering Anchor complaint (.2); drafted motion to dismiss (1.0), research same (1.8). | 1,770.00 |
| 2/26/2013 | MJK | 0.40 | Prepared for (.2) and attended conference (.2) with Anchor's counsel re dropping or repleading complaint. | 236.00 |
| 3/4/2013 | MJK | 3.80 | Continued research and drafting motion to dismiss memorandum for Anchor complaint. | 2,242.00 |
| 3/4/2013 | MXP | 0.70 | Worked on pulling cases cited the in Memo in Support of Motion to Dismiss. | 136.50 |
| 3/5/2013 | MJK | 3.70 | Reviewed C. Steege edits to motion to dismiss (.4); research and revisions in accordance with same (1.8); conference with M. Matlock re prepping notice, order and certificate of service (.1); tasks relating to prepping for filing (.2); further research re trustee has exclusive right to fraud transfer (1.2). | 2,183.00 |
| 3/5/2013 | CS | 1.50 | Revised Anchor motion to dismiss. | 1,327.50 |
| 3/5/2013 | MHM | 0.60 | Reviewed official ECF list and prepared notice of motion and service list for motion to dismiss and memorandum in support. | 186.00 |
| 3/5/2013 | MHM | 0.10 | Prepared form of electronic proposed order. | 31.00 |
| 3/5/2013 | MHM | 3.00 | E-filed and verified docket entries and service of motion to dismiss adversary complaint and memorandum in support. | 930.00 |
| 3/13/2013 | MJK | 1.40 | Prepared for and attended hearing on Anchor adversary against trustee (1.3); short conference with C. Steege re same (.1). | 826.00 |
| 3/21/2013 | MJK | 0.30 | Analyzed amended anchor complaint (.2); drafted email analyzing same to C. Steege (.1). | 177.00 |
| 3/22/2013 | MJK | 1.00 | Research re motion to dismiss amended Anchor complaint. | 590.00 |

| Date | Initials | Hours | Description | Amount |
|---|---|---|---|---|
| 4/1/2013 | JRN | 1.00 | Researched specialized databases and the internet to compile a legislative history for an Illinois statute for M. Kelly (#37484). | 275.00 |
| 4/1/2013 | MJK | 2.50 | Worked on drafting second motion to dismiss. | 1,475.00 |
| 4/2/2013 | MJK | 0.20 | Reviewed legal research re history re mechanic lien statutory trust. | 118.00 |
| 4/9/2013 | MJK | 0.30 | Reviewed mechanics liens from Anchor (.1); reviewed complaint in light of same (.1); telephone conference with Anchor attorney (.1). | 177.00 |
| 4/10/2013 | MJK | 3.50 | Conference with C. Steege re case status (.1); conference with Anchor attorney re lien timeline (.2); further research (1.2); drafted and reviewed revised new motion to dismiss (1.9); sent draft of same to C. Steege (.1). | 2,065.00 |
| 4/12/2013 | CS | 0.50 | Revised brief re motion to dismiss 2nd Amended Anchor Complaint. | 442.50 |
| 4/12/2013 | MHM | 0.60 | Reviewed and prepared exhibits for trustee's memorandum in support of motion to dismiss. | 186.00 |
| 4/13/2013 | MJK | 0.90 | Further research and revised Anchor motion to dismiss. | 531.00 |
| 4/15/2013 | MHM | 1.10 | Reviewed motion to dismiss adversary proceeding by Anchor Mechanical and prepared exhibits for same. | 341.00 |
| 4/15/2013 | MHM | 0.40 | Drafted, proofread and revised Notice of Filing for Memorandum in Support of Motion to Dismiss. | 124.00 |
| 4/16/2013 | MJK | 0.30 | Finalized Anchor motion to dismiss. | 177.00 |
| 4/16/2013 | MHM | 0.20 | Updated format of electronic order for compliance with e-filing requirements. | 62.00 |
| 4/16/2013 | MHM | 1.00 | Reviewed and e-filed Motion to Dismiss complaint, memorandum in support and notice of filing re Anchor Mechanical adversary. | 310.00 |
| 4/24/2013 | MJK | 0.90 | Prepared for and attended hearing on motion to dismiss. | 531.00 |

16

| 5/8/2013 | MJK | 0.30 | Reviewed response to motion to dismiss from Anchor (.2); emails with C. Steege re same (.1). | 177.00 |
|---|---|---|---|---|
| 5/14/2013 | MJK | 6.00 | Researched and drafted reply supporting motion to dismiss. | 3,540.00 |
| 5/15/2013 | MJK | 3.50 | Worked on researching, drafting, revising and finalizing first draft of reply brief on Anchor motion to dismiss (3.3); email to C. Steege re same (.2). | 2,065.00 |
| 5/16/2013 | MJK | 0.70 | Reviewed C. Steege changes to reply brief on Anchor motion to dismiss (.2); made further revisions (.3); emails to C. Steege re same (.2). | 413.00 |
| 5/23/2013 | MJK | 0.30 | Finalized Anchor reply in support of motion to dismiss. | 177.00 |
| 5/24/2013 | MHM | 0.40 | Prepared notice of filing for reply in support of motion to dismiss. | 124.00 |
| 5/24/2013 | MHM | 0.40 | Finalized and e-file reply in support of motion to dismiss adversary complaint brought by Anchor Mechanical. | 124.00 |
| 9/11/2013 | MJK | 1.90 | Attended hearing on motion to dismiss Anchor complaint (1.7); conference with C. Steege re same (.2). | 1,121.00 |
| 9/12/2013 | MJK | 0.30 | Reviewed opinion dismissing Anchor suit. | 177.00 |
| | | 46.70 | PROFESSIONAL SERVICES | $25,367.50 |

MATTER 10057 TOTAL                                                     $25,367.50

## SUMMARY OF PROFESSIONAL SERVICES

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| CATHERINE L. STEEGE – 2013 RATE | 2.00 | 885 | $1,770.00 |
| MARC A. PATTERSON – 2013 RATE | 0.70 | 195 | $136.50 |
| MICHAEL H. MATLOCK – 2013 RATE | 7.80 | 310 | $2,418.00 |
| MICHAEL J. KELLY – 2013 RATE | 35.20 | 590 | $20,768.00 |
| JACQUELINE R. NORTON – 2013 RATE | 1.00 | 275 | $275.00 |
| | 46.70 | | $25,367.50 |

17

DEBTOR LEASE ISSUES                                    MATTER NUMBER-     10065

| Date | | Hours | Description | Amount |
|------|------|------|------|------|
| 10/11/2012 | MJK | 0.70 | Attended stay hearing by landlord. | 385.00 |
| 11/20/2012 | MJK | 1.20 | Drafted settlement with landlord. | 660.00 |
| 11/26/2012 | MJK | 1.80 | Drafted settlement with landlord (1.3) and bill of sale (.5). | 990.00 |
| 12/5/2012 | MJK | 0.20 | Revised settlement agreement (.1) and email landlord attorney re same (.1). | 110.00 |
| 12/31/2012 | MJK | 0.60 | Drafted 9019 motion with landlord. | 330.00 |
| 1/2/2013 | MHM | 0.60 | Drafted, proofread and revised notice of motion and certificate of service. | 186.00 |
| 1/2/2013 | MHM | 0.30 | E-filed motion to settle with Monandock Building. | 93.00 |
| 1/2/2013 | MJK | 0.60 | Revised 9019 motion (.4); prepared order for same (.1); email to C. Steege re same (.1). | 354.00 |
| 1/7/2013 | MHM | 0.40 | Drafted, proofread and revised amended notice of motion re settlement with Monandock Building. | 124.00 |
| 1/7/2013 | MHM | 0.40 | Prepared certificate of service and e-filed notice of amended motion. | 124.00 |
| 1/31/2013 | MJK | 0.90 | Prepared for and attended hearing on 9019 motion. | 531.00 |
| | | 7.70 | PROFESSIONAL SERVICES | $3,887.00 |

MATTER 10065 TOTAL                                                    $3,887.00


## SUMMARY OF PROFESSIONAL SERVICES

| NAME | HOURS | RATE | TOTAL |
|------|------|------|------|
| MICHAEL J. KELLY – 2012 RATE | 4.50 | 550 | $2,475.00 |
| MICHAEL H. MATLOCK – 2013 RATE | 1.70 | 310 | $527.00 |
| MICHAEL J. KELLY – 2013 RATE | 1.50 | 590 | $885.00 |
| | 7.70 | | $3,887.00 |

## EXHIBIT C

## SUMMARY OF EXPENSES

| NAME | AMOUNT |
|------|--------|
| PHOTOCOPY EXPENSE | 2,377.60 |
| POSTAGE EXPENSE | 1,322.46 |
| WESTLAW RESEARCH | 1,050.46 |
| PACER CHARGES | 309.20 |
| SPECIAL MESSENGER SERVICE | 116.00 |
| UPS | 99.26 |
| IN-CITY TRANSPORTATION | 29.25 |
| LEXIS RESEARCH | 20.51 |
| DISBURSEMENT TOTAL | $5,324.74 |

## <u>EXHIBIT D</u>

## DETAILED LIST OF ALL EXPENSES

**DISBURSEMENTS**

| | | |
|---|---|---:|
| 8/9/2012 | Postage | 8.80 |
| 8/17/2012 | Postage | .45 |
| 8/25/2012 | Special Messenger Service; US MESSENGER & LOGISTICS, INC.; 08/25/2012 | 14.75 |
| 8/31/2012 | Lexis Research | 13.81 |
| 8/31/2012 | Westlaw Research | 53.05 |
| 8/31/2012 | In-City Transportation; PETTY CASH; 08/31/2012 M. Matlock 8/20/12 Roundtrip cab fare with M. Patterson to ICM, Inc.'s office to retrieve documents too large to carry. | 14.00 |
| 10/5/2012 | Pacer Charges; MICHAEL H. MATLOCK; 10/05/2012 | 5.80 |
| 10/5/2012 | Pacer Charges; PACER SERVICE CENTER; 10/05/2012 | 11.50 |
| 10/12/2012 | In-City Transportation; PETTY CASH; 10/12/2012 M. Matlock 10/11/12 with M. Patterson - Round trip cab fare to ICM former offices to retrieve client drawings and files too large to carry. | 15.25 |
| 10/13/2012 | Special Messenger Service; US MESSENGER & LOGISTICS, INC.; 10/13/2012 | 101.25 |
| 1/2/2013 | Postage | 146.90 |
| 1/3/2013 | Pacer Charges; PACER SERVICE CENTER; 01/03/2013 | 1.30 |
| 1/3/2013 | Pacer Charges; PACER SERVICE CENTER; 01/03/2013 | .80 |
| 1/8/2013 | Postage | 50.40 |
| 1/25/2013 | Photocopy | 2.50 |
| 2/20/2013 | Outside Professional Services-Document Technologies Inc:Job # 22277 Blow Back B&W 8.5x11 Requested by Marc Patterson | 248.60 |
| 2/28/2013 | Westlaw Research | 120.00 |
| 3/31/2013 | Westlaw Research | 417.67 |
| 4/4/2013 | Pacer Charges; PACER SERVICE CENTER; 04/04/2013 | 26.90 |
| 4/4/2013 | Pacer Charges; PACER SERVICE CENTER; 04/04/2013 | 1.10 |
| 4/4/2013 | Pacer Charges; PACER SERVICE CENTER; 04/04/2013 | 10.60 |
| 4/23/2013 | Postage | 220.86 |
| 4/30/2013 | Westlaw Research | 239.34 |
| 5/1/2013 | Postage | .46 |
| 5/3/2013 | Postage | 51.06 |
| 5/3/2013 | Photocopy | 11.10 |
| 5/6/2013 | Postage | 168.72 |
| 5/6/2013 | Outside Professional Services-Document Technologies Inc:Job # 24175 Blow Back B&W 8.5x11 Requested by Marc Patterson | 388.50 |

| | | |
|---|---|---|
| 5/30/2013 | Postage | .46 |
| 5/31/2013 | Postage | 1.84 |
| 5/31/2013 | Lexis Research | 6.70 |
| 5/31/2013 | Westlaw Research | 220.40 |
| 6/11/2013 | UPS tracking# 1Z6134380190110580  Inv# 00000613438243 | 6.70 |
| 6/11/2013 | UPS tracking# 1Z6134380190462521  Inv# 00000613438243 | 6.70 |
| 6/11/2013 | UPS tracking# 1Z6134380190805553  Inv# 00000613438243 | 8.20 |
| 6/11/2013 | UPS tracking# 1Z6134380190822561  Inv# 00000613438243 | 6.70 |
| 6/11/2013 | UPS tracking# 1Z6134380190990504  Inv# 00000613438243 | 6.70 |
| 6/11/2013 | UPS tracking# 1Z6134380191070603  Inv# 00000613438243 | 6.70 |
| 6/11/2013 | UPS tracking# 1Z6134380191457571  Inv# 00000613438243 | 6.70 |
| 6/11/2013 | UPS tracking# 1Z6134380193025533  Inv# 00000613438243 | 6.70 |
| 6/11/2013 | UPS tracking# 1Z6134380193917516  Inv# 00000613438243 | 8.20 |
| 6/11/2013 | UPS tracking# 1Z6134380194006543  Inv# 00000613438243 | 9.13 |
| 6/11/2013 | UPS tracking# 1Z6134380194181596  Inv# 00000613438243 | 6.70 |
| 6/12/2013 | UPS tracking# 1Z6134380196919214  Inv# 00000613438243 | 6.70 |
| 6/12/2013 | UPS tracking# 1Z6134380198157203  Inv# 00000613438243 | 6.70 |
| 6/18/2013 | Photocopy | 360.00 |
| 6/18/2013 | Postage | 155.64 |
| 7/1/2013 | Postage | 285.92 |
| 7/1/2013 | Photocopy | 542.80 |
| 7/3/2013 | Pacer Charges; PACER SERVICE CENTER; 07/03/2013 | 91.60 |
| 7/3/2013 | Pacer Charges; PACER SERVICE CENTER; 07/03/2013 | .20 |
| 7/3/2013 | Pacer Charges; PACER SERVICE CENTER; 07/03/2013 | 2.90 |
| 7/3/2013 | Pacer Charges; PACER SERVICE CENTER; 07/03/2013 | 15.20 |
| 7/25/2013 | Outside Professional Services-Document Technologies Inc:Job # 25941 B&W Copy 8.5x11 Requested by Marc Patterson | 21.60 |
| 7/26/2013 | Postage | 3.22 |
| 7/29/2013 | Photocopy | .50 |
| 7/29/2013 | Postage | 5.80 |
| 9/5/2013 | UPS tracking# 1Z6134380192129512  Inv# 00000613438363 | 6.73 |
| 9/9/2013 | Postage | 3.22 |
| 10/4/2013 | Pacer Charges; PACER SERVICE CENTER; 10/04/2013 | 108.60 |
| 10/4/2013 | Pacer Charges; PACER SERVICE CENTER; 10/04/2013 | 18.70 |
| 10/4/2013 | Pacer Charges; PACER SERVICE CENTER; 10/04/2013 | 7.80 |
| 11/27/2013 | Photocopy | 546.00 |
| 11/27/2013 | Outside Professional Services-Document Technologies Inc:Job # 28995 B&W Copy 8.5x11 Requested by Annette Young | 254.90 |
| 11/27/2013 | Postage | 213.28 |

| | | |
|---|---|---:|
| 1/8/2014 | Pacer Charges; PACER SERVICE CENTER; 01/08/2014 | 6.20 |
| 1/15/2014 | Photocopy | 1.10 |
| 1/15/2014 | Postage | 1.38 |
| 2/19/2014 | Postage | 4.05 |
| | TOTAL DISBURSEMENTS | $5,324.74 |

MATTER 10073 TOTAL                                                        $5,324.74